UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
| ) | |
| Plaintiff,          ) | |
| ) | |
| vs.                                  ) | Cause No. 1:01-cr-0089-15 (JMS/KPF) |
| ) | |
| WILBERT AVANT,                       ) | |
| ) | |
| Defendant.        ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Jane Magnus-Stinson, Judge, on August 24, 2012, designating the Duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on August 23, 2012, and to submit to Judge Stinson proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

All proceedings were held September 13, 2012 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]  Mr. Avant appeared in person with his appointed counsel, William Dazey, Office of the Indiana Federal Community Defender.  The government appeared by Barry Glickman, Assistant United States Attorney.  U. S. Parole and Probation appeared by Tasha Taylor, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted.  *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. William Dazey, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Avant in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Avant and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Avant was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Avant was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Avant was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Avant had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Stinson's designation.

7. Mr. Avant stated his readiness to waive the preliminary hearing regarding the Petition now under consideration. Mr. Avant orally waived the preliminary hearing and he was held to answer.

8. Mr. Dazey stated that Mr. Avant would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release numbered 1, 2, 3, 4 and 5, set forth in the Petition.

9. Mr. Avant, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **2** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| **3** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | On May 24, 2012, Mr. Avant submitted a urine sample which tested positive for marijuana.  He was confronted by the probation officer on June 5, 2012, and denied the use of any illicit substance since approximately September 211.  The sample was sent to Alere Laboratory for confirmation, and on June 11, 2012, was confirmed positive for marijuana metabolite.  Mr Avant was again confronted by the probation officer on June 26, 2012, and continued to deny the use of any illegal drugs.  Additionally, as previously reported to the Court, on September 16, 2011, Mr. Avant submitted a urine sample which tested positive for marijuana. |
| **4** | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |
| | Mr. Avant routinely submits late monthly supervision reports to the probation officer. |

  **5**  **"The defendant shall not commit another federal, state, or local crime."**

    As previously reported to the Court, on October 13, 2010, the offender was arrested in Marion County, Indiana, and was charged with Knowingly or Intentionally Operating a Motor Vehicle Without Ever Receiving a License. Subsequently, on August 11, 2011, he was convicted of the charge, sentenced to 60 days jail, suspended, and his driving privileges were suspended for 90 days.

  The Court placed Mr. Avant under oath and directly inquired of Mr. Avant whether he admitted violations of the specifications of his supervised release set forth above. Mr. Avant stated that he admitted the above violations as set forth above.

  Counsel for the parties further stipulated to the following:

  1) Mr. Avant has a relevant criminal history category of III, U.S.S.G. §7B1.4(a);

  2) The most serious grade of violation committed by Mr. Avant constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b);

  3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Avant is 5-11 months;

  4) The parties agreed on the appropriate disposition of the case as follows:

   (a) that modification was the appropriate disposition of the case;

   (b) that Mr. Avant be placed in a Residential Reentry Center, namely, Volunteers of America for up to six months, at the discretion of the U. S. Probation and Parole Office.

(c) that upon completion of his residence at the Volunteers of America, he will return to supervised release under the previously-imposed conditions.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Wilbert Avant, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release.  The defendant's supervised release is **MODIFIED** as set forth above.

Counsel for the parties and Mr. Avant stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Avant entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying Wilbert Avant's supervised release.

IT IS SO RECOMMENDED this 24th day of September, 2012.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Barry Glickman,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal